1   David C. Parisi  (SBN 162248)
    dcparisi@parisihavens.com
2   Suzanne Havens Beckman (SBN 188814)
    shavens@parisihavens.com
3   Azita Moradmand (SBN 260271)
    amoradmand@parisihavens.com
4   PARISI & HAVENS LLP
    15233 Valleyheart Drive
5   Sherman Oaks, California  91403
    Telephone: (818) 990-1299
6   Facsimile: (818) 501-7852

7   Attorneys for Plaintiff

8

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12   JENNIFER PURCELL, Individually     Case No.: 2:11-CV-06003-ODW-AGR
     and On Behalf of All Others Similarly
13   Situated,                          **CLASS ACTION**

14              Plaintiff,              **SECOND AMENDED CLASS
                                        ACTION COMPLAINT FOR
15        v.                            VIOLATION OF THE FAIR
                                        CREDIT REPORTING ACT, 15
16   SPOKEO, INC. and DOE               U.S.C. §1681 *et seq.*; UNJUST
     DEFENDANTS 1-20,                   ENRICHMENT; THE UNIFORM
17                                      DECEPTIVE TRADE PRACTICES
                Defendants.            ACT, 815 ILCS §510/1; AND
18                                      DECLARATORY RELIEF

19                                      **JURY TRIAL DEMANDED**

20

21       Plaintiff, Jennifer Purcell, individually and on behalf of all others similarly

22   situated, upon both personal knowledge and information and belief, and following

23   investigation by counsel, allege the following against Defendant, Spokeo, Inc.

24   ("Spokeo" or "Defendant") and Doe Defendants 1-20:

25                          **INTRODUCTION**

26       1.   This case seeks relief for Plaintiff and a Class of similarly situated

27   consumers whose personal information has been gathered, assembled, and evaluated

28

by Spokeo for the purpose of marketing, publishing, distributing, and/or selling such information to third-parties.

2.      Unbeknownst to Plaintiff and other Class members at relevant times, Spokeo assembles, evaluates, markets, publishes, distributes, and/or sells access to Plaintiff and other Class members' personal information through its website, Spokeo.com, and continues to do so.  Yet, information listed on Spokeo's website about Plaintiff and other Class members is false and incorrect.

3.      Plaintiff seeks declaratory and injunctive relief, restitution and damages for herself and other Class members who have had their personal information assembled, evaluated, marketed, published, distributed, and/or sold to third-parties, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1684 *et seq*. ("FCRA"), the law of unjust enrichment, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1 ("IDTPA").

## JURISDICTION, VENUE AND PARTIES

4.      Plaintiff, Jennifer Purcell, is an individual and a citizen of the State of Illinois, where Plaintiff resides and maintains her personal and business life and career.

5.      Spokeo has its principal place of business in and is a citizen of the State of California.

6.      Doe Defendants 1-20 are officers, principals, agents, managers, and subsidiaries of Defendant, and/or other persons or entities sued by fictitious names who authorized, directed or otherwise exerted operational control over, or who assisted to perpetrate, the unlawful conduct alleged herein, or who were or are likely to be unjustly enriched by the Spokeo's alleged misconduct, as set forth below.  The allegations herein with respect to Spokeo are hereby expressly alleged by reference against Does 1-20.  If appropriate, and/or pursuant to discovery Plaintiff shall amend the Complaint to name and seek relief against Does 1-20.

7.      The Court has original jurisdiction, *inter alia,* per 28 U.S.C. § 1331, and

supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, which arise out of the same nucleus of operative facts as Plaintiff's causes of action pursuant to federal law.

8.      Venue is proper before the Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions at issue occurred in this judicial District. Alternatively, venue is proper before the Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c) because Spokeo resides in this judicial District and is subject to personal jurisdiction in this judicial District.

## **FACTUAL ALLEGATIONS**

9.      Spokeo collects and assembles personal information about United States residents and then evaluates, markets, publishes, distributes, and/or sells the information that it gathers to employers, consumers and virtually anyone else. Plaintiff and other Class members' personal information, as described below, is currently viewable on Spokeo's website, Spokeo.com (herein, their "profiles," "Spokeo profiles," "consumer reports,' or "reports" as collected and assembled by Spokeo) and contains information that is false and incorrect.

10.     On its website, Spokeo has published at least one personal information profile for Plaintiff and each member of the Class.  Using Spokeo.com, consumers, employers and virtually anyone can view Spokeo personal information or reports about Plaintiff and the Class, for free, and in substantial part by choosing for-pay options.

11.     Spokeo purportedly collects this personal information about Plaintiff and other Class members from dozens of sources but does not specify the exact source of any information posted on Plaintiff or other Class members' profiles.

12.     Spokeo's profiles provide information about consumers such as their address, phone number, sex, relationship status, a street view image of the consumer's property, and income level or home or property value which purports to be an estimated home value and/or wealth estimate.

13.     This information is available to employers, consumers, and third-parties, and Spokeo does not include and/or has not included, with profile displays of personal information of Plaintiff and the Class, proper disclaimers regarding the accuracy of such information, the proper or improper use of such information by third-parties, or other relevant FCRA disclosures.

14.     Spokeo as part of a membership subscription, invites viewers to purchase and access in depth profiles, about Plaintiff and other members of the Class, which purport to include a variety of personal information, including, for example, level of education, credit and wealth estimates, "economic health," religious and political affiliations, date of birth, and home purchase price and date.  Spokeo itself explains that "specific 'information about mortgage, income, and investments'… are offered     as     part     of     the     business     premium     product." http://www.spokeo.com/blog/category/spokeo-in-the-news/.

15.     Spokeo posts personal information on consumer profiles under subject headings including but not limited to: "Basic Profile," "Household," "Photos & Profiles," "Wealth," "Lifestyle & Interests," and "Neighborhood."  Plaintiff's profile information available for purchase on Spokeo.com makes statements about her economic health and wealth level.

16.     While much of the information used to form these profiles comes from public records, Spokeo collects this personal information from sources, many of which are difficult to find, using processes and techniques that are unavailable to consumers, and creates a unique profile which is far different, and far more than a "white pages."  In fact, Spokeo reorganizes data obtained from other sources, makes evaluations and conclusions about Plaintiff and other Class members not included in the original source, and develops original content.

17.     At relevant times, Spokeo has also assembled, evaluated, marketed, published, distributed and/or sold, via its website, individual profiles (including profiles for a fee) containing inaccurate information about Plaintiff and other

members of the Class, inclusive of their purported economic status, income, and property ownership or the value thereof.  For example, Plaintiff's Spokeo profile lists an incorrect address, incorrect phone number, and incorrect projected home value or wealth assessment.  During relevant times, moreover, inaccuracies are and/or were included on Plaintiff's paid Spokeo profile including for example stating that she is fifty years old, has children, is married, is a Republican, is only college educated and is a Protestant; in addition to other inaccuracies, none of these statements is true.

18.    Despite a hollow, inadequate disclaimer by Spokeo (which Spokeo only displays after a Spokeo.com user sees a consumer's inaccurate profile information, or which is not displayed when or before Spokeo permits third-party access to profile content), Spokeo at relevant times has marketed, encouraged and/or expected that Plaintiff and other Class members profiles posted on Spokeo's website are used by third-parties for employment purposes.  Spokeo President and co-founder Harrison Tang himself admits that "his site streamlines the process of finding information about prospective employees for potential employers and job recruiters."  "FTC To Probe    Spokeo    Data    Broker    Over    Abuse    of    Privacy," http://www.networkworld.com/community/blog/ftc-probe-spokeo-data-broker-over-abuse-priva (last visited July 29, 2010).  In fact, during the relevant time period, Spokeo awarded a "special gift" to a Spokeo member who used Spokeo's website "to look  up  people  who  are  potential  employers/employees."  *News  Flash*, http://www.spokeo.com/blog/category/announcements (last visited July 16, 2010).

19.    Spokeo "has also marketed itself as a service for conducting background checks    to    aid    law    enforcement    agencies    or    HR    recruiters." http://www.networkworld.com/community/blog/ftc-probe-spokeo-data-broker-over-abuse-priva (last visited July 29, 2010).

20.    Spokeo knows and/or reasonably should expect that its reports are used for employment-related, collection or other purposes governed by the FCRA.

///

Second Amended Class Action Complaint

***Consumers Have Been Harmed***

21.    Pursuant to Spokeo's ongoing business practice, it did not inform Plaintiff and other Class members when it assembled, evaluated, marketed, published, distributed and/or sold Plaintiff and other Class member's personal information.

22.    Plaintiff and other consumers have had false or misleading information published, provided and/or sold by Spokeo as profiles or reports purporting to provide their above-described personal information, including to third-parties who have not agreed to or seen any FCRA disclaimers.

23.    Spokeo President and co-founder admits that it is possible to reduce the number of inaccuracies on Spokeo.com.  He claims "[t]here are ways for us to improve information inaccuracies.  If you aggregate more pulled sources, you can do an algorithm to improve the inaccuracies."  http://newsblogs.chicagotribune.com/the-problem-solver/2010/05/should-i-be-worried-about-spokeocom.html (last visited July 29, 2010).  Yet, Spokeo continues to market, publish, distribute, and/or sell inaccurate information about Plaintiff and other Class members through its website.

24.    This inaccurate information about Plaintiff and other Class members, marketed, published, distributed and/or sold on Spokeo.com, is accessed widely and often – estimates have tracked traffic to Spokeo's website at up to more than 100,000 times per day, and alternatively almost 500,000 times per day. http://www.dnscoop.com/ (last visited July 29, 2010); http://www.freewebsitereport.org/www.spokeo.com (last visited August 15, 2011). In a single 30-day snapshot in 2010 alone, Spokeo.com had approximately 5,402,000 visits, http://www.trafficestimate.com/spokeo.com (last visited July 29, 2010), which compares similarly with more recent estimates.  One recent summary of activity on Spokeo.com shows 16.09 million page views in a single month.  *Id.*

25.    Approximately 736 other websites have links to Spokeo.com which makes Plaintiff and other Class members' inaccurate profiles easily accessible to scores of viewers.  *Id.*  Spokeo also employs and is seeking to expand a network of

sales and marketing affiliates to help it advertise, online, and recover revenues from, the marketing and sale of profiles including inaccurate personal information about Plaintiff and other members of the Class.

26.   Defendant allows the many viewers of its website to see Plaintiff and other Class members' profiles without obtaining any certification from said third-parties stating the purposes for which these third-parties are purchasing the profiles.

27.   For a consumer to request removal of his or her profile from Spokeo.com, Spokeo requires the consumer to furnish his or her email address and/or additional information to Spokeo, and consumers have complained that the removal process was unsuccessful, arduous, and required the transmittal of additional personal information to Spokeo, or resulted in the revision, rather than the removal of one's profile so as to *include* the personal information provided by the consumer to Spokeo solely for purposes of *removing* the profile from Spokeo.com. http://yellowstaressentials.wordpress.com/2010/03/30/privacy-alert-spokeo-com-has-your-information/ (last visited September 2, 2010); http://www.facebook.com/pages/NO-MORE-SPOKEO/113159098694287 (last visited September 2, 2010).  For example, after a consumer attempts to remove his or her profile, "Spokeo now knows which 'John Smith' is attached to john.smith@randomemail.com," and Spokeo then attaches this additional information to a revised profile.  *Id.*

28.   Many consumers, including Plaintiff and the Class, unknowingly had their profiles listed on Spokeo.com and were not given the opportunity to meaningfully consent to Spokeo's marketing, publication and/or sale of their personal information, including inaccurate, misleading and false information.

29.   Spokeo's website offers, for the world to view or buy, a host of false, misleading and inaccurate information about Plaintiff, including, for example:  during relevant times Plaintiff's published Spokeo.com profile seemingly purports or purported that she is fifty years old, has children, is married, is a Republican, is only

college educated and is a Protestant, which, in addition to other inaccuracies, are not true.

30.    Moreover, Spokeo does not allow Plaintiff or other Class members to view their own complete respective profiles (*see* ¶¶ 14-17) or to verify the accuracy of information contained in their profiles on Spokeo.com without paying a subscription fee.  Spokeo has required, and as a practice continues to require, Plaintiff and other members of the Class to purchase their own Spokeo profiles in order to view all information that Spokeo assembles, evaluates, markets, publishes, distributes and/or sells about them.

31.    Plaintiff requested, in or around April 13, 2011 for example, a copy of all files, reports or profiles that Spokeo maintains about her, a list of the sources used to create such information, and the identities of any recipients of her profiles.  Spokeo did not oblige or honor this request, and indeed, does not honor such requests, and does not offer or make available such information to consumers (except that it allows consumers to pay to see their own profiles).

32.    Through the actions described above, Spokeo has damaged and is likely to damage consumers, including Plaintiff and other Class members.

33.    Due to Spokeo's herein-described conduct, Plaintiff and the Class are entitled to commensurate declaratory and injunctive relief, plus appropriate statutory damages.

34.    Without their knowledge and without receiving notice from Spokeo when their personal information is accessed or purchased, Plaintiff and other Class members' personal information has been and continues to be freely subject to lurking employers (potential and actual), bosses, business colleagues, creditors, insurers, service providers, dating partners, friends and foes at large.

## **CLASS ACTION ALLEGATIONS**

35.    Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Classes and Subclass

of similarly situated individuals:

**REPORT CLASS:**

All persons whose personal information Spokeo assembled, evaluated, marketed, published, distributed and/or sold on Spokeo.com at any time between five years preceding the filing of this action and the date of trial.

**REPORT SUBCLASS:**

All persons in the State of Illinois whose personal information Spokeo assembled, evaluated, marketed, published, distributed and/or sold on Spokeo.com at any time between three years preceding the filing of this action and the date of trial.

**REQUEST CLASS:**

All persons who requested, from Spokeo, disclosure of information in their profile available for purchase on Spokeo.com, any sources of their profile, and/or the identification of any person who purchased their profile, at any time between five years preceding the filing of this lawsuit and the date of trial.[1]

Excluded from the Class are the Court, Plaintiff's Counsel, and Spokeo, its officers and directors, family and legal representatives, heirs, successors, or assigns and any entity in which Spokeo has or had a controlling interest.

36.    Plaintiff reserves the right to amend or modify the Class definitions in connection with her motion for class certification and/or the result of discovery.

37.    As set forth herein, Spokeo has acted and/or refused to act on grounds that apply generally to the class, and has and will continue to market, publish, distribute, and/or sell Plaintiff and other Class members' personal information, so that final injunctive relief or corresponding declaratory relief for the Class is appropriate.

38.    The Class is so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time,

---

[1] Unless otherwise noted, references to the "Class" are to the Classes and Subclass defined above.

such information can be easily ascertained through Spokeo's records.

39.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and has retained counsel competent and experienced in complex class actions.  Plaintiff has no interest antagonistic to those of the Class.

40.   Plaintiff's claims are typical of the claims of other Class members.  The defenses, if any, that will be asserted against Plaintiff's claims are likely to be typical of the defenses that will be asserted, if any, against other Class member claims.

41.   Common questions of law or fact exist as to all members of the Class and predominate over questions affecting only individual Class members, including, for example:

    a.   Whether Spokeo is a "consumer reporting agency" pursuant to the FCRA;

    b.   Whether Spokeo is a "nationwide specialty consumer reporting agency" pursuant to the FRCA;

    c.   Whether Spokeo's conduct violates the FCRA as set forth below;

    d.   Whether Spokeo was obligated to provide Plaintiff and other members of the Request Class with a copy of their consumer reports in the manner required by the FCRA;

    e.   Whether Plaintiff and other Class members are entitled to declaratory and injunctive relief as set forth herein;

    f.   Whether Plaintiff and other Class members are entitled to statutory damages under the FCRA; and

    g.   Whether Plaintiff and other Class members are entitled to restitution.

42.   A class action is an appropriate and superior method for fairly and efficiently adjudicating and managing this controversy, and would obviate inconsistent or varying adjudications and standards of conduct affecting individual class members.

**CAUSES OF ACTION**

43.     Plaintiff alleges the following violations, causes of action, and requests for relief and damages below, individually and on behalf of other Class members to the extent permitted or required by applicable law in the alternative.

**COUNT ONE**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

44.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein, and alleges Count One on behalf of herself, the Report Class, and the Request Class.

45.     The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, was enacted in order to give consumers fair and equitable protections with regard to the confidentiality, accuracy, and proper use of their consumer information.  15 U.S.C. § 1681.

46.     The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family or household purposes; employment purposes; or any other purpose authorized under [15 U.S.C. § 1681b]."  15 U.S.C. § 1681a(d)(1). Spokeo assembles information bearing on credit, personal characteristics and mode of living, including *inter alia* data on "economic health," "wealth level," and "estimated home value" which third-party purchasers use to make decisions regarding employment, credit worthiness, and as defined for purposes of a "consumer report." 15 U.S.C. § 1681a(d)(1).    Therefore, the information Spokeo assembles, evaluates, markets, publishes, distributes, and/or sells is a "consumer report" as defined by the FRCA.

47.     The FCRA defines "consumer reporting agency" as "any person which,

for monetary fees, dues, or on a cooperative nonprofit basis regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purposes of furnishing consumer reports to third-parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). Spokeo assembles consumer reports for third-parties who pay fees or dues to access said credit information and is therefore a "consumer reporting agency" as defined by the FRCA.

48.    Spokeo further is a "nationwide specialty consumer reporting agency" as defined by the FCRA because it "compiles and maintains files on consumers on a nationwide basis relating to… residential or tenant history" under the "household" subject heading on each consumer report. 15 U.S.C. § 1681a(w)(2).

49.    The FCRA defines "consumer" as "an individual." 15 U.S.C. § 1681a(c). Plaintiff and other Class members are "consumers" as defined and construed under the FRCA. 15 U.S.C. § 1681a(c).

50.    15 U.S.C. § 1681e(a) of the FCRA requires "that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose" than a purpose listed under Section 1681b. 15 U.S.C. § 1681e(a). Upon information and belief, Spokeo makes Plaintiff and other Report Class member profiles available for sale and viewing, and Spokeo assembles, evaluates, markets, publishes, distributes, and/or sells their profiles, without requiring such certifications. *See, e.g., supra* ¶ 26.

51.    Spokeo, as a consumer reporting agency that furnishes consumer reports to third-parties, does not properly "maintain reasonable procedures designed to avoid violations of §1681c of this title and to limit the furnishing of consumer reports" of Plaintiff and the Report Class "to the purposes listed under [15 U.S.C. § 1681b]," as required by the FCRA. 15 U.S.C. § 1681e(a). 15 U.S.C. § 1681b of the FCRA sets forth various permissible purposes for the furnishing of consumer reports, which

1  Spokeo does not comply with as set forth above.

2     52.    Additionally, pursuant to the FCRA a consumer reporting agency cannot

3  furnish a consumer report to a third-party for employment purposes unless the third-

4  party provides a certification to the consumer reporting agency consistent with 15

5  U.S.C. § 1681b(b)(1)(A).  Spokeo knew, continues to know, and/or should know that

6  its consumer reports are being used by third-parties for employment purposes yet

7  Spokeo failed, and continues to fail, to obtain the required certification to ensure that

8  the proper disclosures and written authorization are being obtained from consumers.

9  *See supra* ¶¶ 18-20.

10    53.    The FCRA further requires consumer reporting agencies to provide

11  proper notice to any person "to whom a consumer report is provided by the agency …

12  of such person's responsibilities under [the FCRA]."  15 U.S.C. § 1681e(d)(1)(B).

13  Spokeo has allowed unfettered access to its consumer reports of Plaintiff and the

14  Report Class and did not provide adequate or required notice to any person who

15  viewed and/or purchased such reports in violation of the FCRA.  15 U.S.C. §

16  1681e(d)(1).  Moreover, at relevant times Spokeo's website did not and/or does not

17  require recipients of freely available consumer reports of Plaintiff and the Report

18  Class (and who also purchase their profiles) to view such a notice; and Spokeo

19  encourages consumer reports to be utilized for purposes prohibited by the FCRA

20  (*e.g.,* ¶¶ 12-15 and 18-20 above), rather than properly warning third-parties against

21  improper use of a consumer report or which is otherwise consistent with Section

22  1681e(d).

23    54.    Further, Spokeo, as a nationwide specialty reporting agency, was

24  required, at a minimum, to provide consumers with a toll-free telephone number to

25  make requests for consumer reports.  15 U.S.C. § 1681j(a)(1)(C)(i); 16 C.F.R. Pt.

26  610.3.  During relevant times, Spokeo has failed to provide a toll-free telephone

27  number on its website or elsewhere for Plaintiff and other consumers to make

28  requests for consumer reports.

55.    As a consumer reporting agency, a nationwide consumer reporting agency and a nationwide specialty consumer reporting agency, Spokeo is also required to disclose, free of charge, annual file disclosures and "all information in the consumer's file" upon the request of the consumer to whom that file relates. *E.g.,* 15 U.S.C. §§ 1681j and 1681g(a)(1); 16 C.F.R. §§ 610.2, 610.3.  Once every twelve (12) months, a consumer is entitled to request and receive from a CRA a "free annual disclosure," which shall consist of "all information in the consumer's file at the time of the request."  15 U.S.C. §§ 1681g(a), 1681j(a)(1)(C).

56.    Contrary to the FCRA and such relevant FCRA provisions and regulations, as set forth more fully above, Spokeo has prohibited Plaintiff and other Class members from accessing their own profiles (or their profiles which Spokeo sells to the public) without paying a significant fee – *i.e.* the same fees to access their profiles that any requester would have to pay, and the same fees that Spokeo would charge them when allowing them to easily assess another consumer's profiles – and likewise Spokeo did not and does not honor requests like Plaintiff's to view a copy of their own profiles.  *E.g.,* 15 U.S.C. §§ 1681j, 1681g(a)(1); 16 C.F.R. §§ 610.2, 610.3.

57.    Spokeo thus does not provide consumers with a free annual disclosure as required by such FCRA provisions, but rather, blatantly violates the FCRA by misrepresenting, to third-party visitors to its website looking to purchase profiles, that it does not offer consumer reports, and therefore, purports not to be governed or regulated by the FCRA.

58.    Furthermore, upon request, 15 U.S.C. § 1681g(a)(2) requires Spokeo to disclose to the consumer the sources of information used to create a consumer's file, and 15 U.S.C § 1681g(a)(3) requires Spokeo to disclose to the consumer the identity of each person that procured a consumer's report for employment purposes within 2 years preceding the date a consumer requests such information or for consumer reports used for any other purpose within 1 year preceding the date a consumer requests said information.

59.     Despite requests by Plaintiff and other Request Class members, Spokeo has refused to provide them with the sources of information used to create their consumer reports, or with the identities of any person who procured their reports for any purpose within the relevant time period, in violation of the FCRA.  *See supra* ¶¶ 30-31.

60.     Spokeo has not granted Plaintiff's above-described requests, pursuant to the FCRA, for her information and profiles, the sources of said information, and the identities of persons who have procured their profiles (*see* ¶¶ 30-31 above).  Such conduct and practices perpetrated by the Spokeo violates the FCRA*, e.g.,* 15 U.S.C. §§ 1681j and 1681g(a)(1); 16 C.F.R. §§ 610.2, 610.3.

61.     Spokeo willfully fails to maintain a policy or procedure to grant consumer requests for a copy of their profiles without charge, a list of the sources used to create said profiles, and a list of the identities of any recipients of a consumer's profile.  Such conduct is reckless and willful as it clearly violates the FCRA and prevents consumers from seeing what information Spokeo is widely disseminating to employers, creditors, insurers, friends, and foes at large.

62.     Spokeo is aware of its obligations under the FCRA; Spokeo's website makes cryptic, generalized or buried references to the FCRA which have not been and/or are not viewable at all when furnishing personal information or until after third-parties have already viewed extensive personal information furnished by Spokeo, including inaccurate information, about Plaintiff and other Report Class members.  In fact, Spokeo brazenly promotes its website as a means to access information for purposes prohibited by the FCRA, and has failed to meet its obligations under the FCRA, as more fully set forth herein and above (*e.g.,* ¶¶ 9-34).

63.     Spokeo, by its above-described conduct, has willfully and recklessly failed to comply with the FCRA.

64.     As a result of Spokeo's above described willful violations of the FCRA, Plaintiff and other Class members were damaged and are entitled to statutory

damages as allowed by the FCRA, and/or punitive damages thereon, in addition to attorney's fees and costs. 15 U.S.C. §§ 1681n.

65.     Alternatively, Spokeo committed the above-described violations of the FCRA negligently, and Plaintiff and other members of the Class are entitled to actual damages, attorney's fees and costs, and appropriate equitable relief as allowed by the FCRA, 15 U.S.C. § 1681o.

## COUNT TWO

### RESTITUTION FOR UNJUST ENRICHMENT

66.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein, and alleges Count Two on behalf of herself and the Class.

67.     Spokeo has knowingly received and retained benefits from Plaintiff and other Class members under circumstances that would render it unjust to allow Spokeo to retain such benefits.

68.     Spokeo was unjustly enriched at the expense of Plaintiff and other Class members by collecting, assembling, marketing, publishing and/or selling their unique identities and profiles, including false, inaccurate and unverified information, without obtaining their consent, as set forth above.

69.     Upon information and belief, the sheer number of profiles created and maintained by Spokeo inures to Spokeo's benefit and allows Spokeo to garner increased capital, value, internet visitors, and profits to the detriment of Plaintiff and other Class members.

70.     Spokeo profits at the expense of Plaintiff and other Class members from the sale of consumer reports in violation of the FCRA.

71.     Spokeo receives sizable revenues, not only from sales of Spokeo profiles of Plaintiff and other members of the Class, but also from website advertisements attributable to and dependent upon the marketing, sale and dissemination of Plaintiff and other Class member profiles as described above.

72.     Spokeo's above-described conduct violates fundamental principles of

equity and justice.

73.   As a result, Plaintiff and other Class members are entitled to disgorgement and restitution of Spokeo revenues, profits and monies received from Spokeo's marketing, publication and/or sale of Plaintiff and the Class members' personal information and consumer reports.

**COUNT THREE**

**INJUNCTIVE RELIEF**

**VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT**

74.   Plaintiff repeats and realleges the preceding allegations as if fully set forth herein, and alleges Count Three on behalf of herself and the Report Subclass.

75.   Spokeo has engaged in and continues to engage in conduct that is deceptive within the meaning of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.* ("IDTPA") by causing a "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services." 815 ILCS § 510/2(2).   Spokeo engaged in, and continues to engage in, conduct that is deceptive by marketing, publishing and/or selling false or inaccurate information about Plaintiff and other Report Subclass members that is likely to be taken as true.

76.   Spokeo also engaged in, and continues to engage in, conduct that is deceptive which "similarly creates a likelihood of confusion or misunderstanding" by collecting data about Plaintiff and the Report Subclass from various third-party sources, without authenticating those sources or revealing those sources to third-parties who use its website or to Plaintiff and other Report Subclass members about whom Spokeo continues to make available such profiles, without effectively disclosing the inaccurate nature of such profiles, and by declining to provide Plaintiff and other Report Subclass members with notice that their profiles are being published and made available for sale and/or an opportunity to review their profiles at no charge, as set forth above.  IDTPA, 815 ILCS § 510/2(12).

77.     Spokeo engaged in, and continues to engage in, conduct that is deceptive regardless of whether or not there is "actual confusion or misunderstanding." *Id.*

78.     Spokeo engaged in, and continues to engage in, deceptive business practices because it collects, markets, publishes, distributes, and/or sells inaccurate information about Plaintiff and other Report Subclass members with "knowledge of its deceptive character." IDTPA, 815 ILCS § 510/5(2).  For example, Spokeo knows that information it collects, markets, publishes and/or sells is inaccurate, and it knows how to reduce inaccuracies by using an improved algorithm, yet it chooses to market, publish and/or sell profiles with deceptively false information. *E.g.,* http://newsblogs.chicagotribune.com/the-problem-solver/2010/05/should-i-be-worried-about-spokeocom.html (last visited July 29, 2010).  Likewise, Spokeo does not at all or adequately advise third-parties, who accessed or may access the profiles and personal information available on Spokeo.com about Plaintiff and other Class members, that such profiles and information are likely to be, and/or may be inaccurate.

79.     Spokeo represents that the profiles about Plaintiff and the Report Subclass, which Spokeo publishes and sells, is merely a compilation of information from publicly available sources.  In reality, the personal information it publishes about them is substantially false, inaccurate, and misleading, and/or appears to be guesswork. *See supra* ¶¶ 17, 22-25.

80.     Without being enjoined from continuing its conduct, Spokeo will continue to engage in deceptive business practices regardless of "proof of monetary damage, loss of profits or intent to deceive." 815 ILCS § 510/3.  However, the inaccurate profile that Spokeo publishes and distributes about Plaintiff and other members of the Report Subclass is likely to damage, mislead, deceive and misinform third-parties, to their detriment, including without limitation to the detriment of Plaintiff's professional career.

81.     Plaintiff and the Report Subclass are entitled to an injunction preventing

Spokeo from continuing to market, publish, and/or sell their personal information in the manner set forth above – *i.e.,* laden with false and inaccurate information, in violation of the FCRA, without knowledge, consent of, notice to and/or free access by Plaintiff and the Report Subclass, without adequate notices or procedures to correct and remove inaccuracies, and without proper disclosure to third-parties of inaccuracy likelihood – as well as a declaration of the parties' rights, and notice to Plaintiff and the Report Subclass regarding same.

82.    Plaintiff and the Report Subclass are further entitled to injunctive relief which requires Spokeo to provide them with a listing of third-parties to whom Spokeo furnished their profiles, in order to correct the likelihood of confusion or misunderstanding resulting from dissemination of their profiles, including profiles containing false and inaccurate information.

## COUNT FOUR

## DECLARATORY JUDGEMENT AND

## CORRESPONDING INJUNCTIVE RELIEF

### 28 U.S.C. §§ 2201, 2202

83.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein, and alleges Count Four on behalf of herself and the Class.

84.    Spokeo's practice of collecting, assembling, evaluating, marketing, publishing, distributing and/or selling data including credit information concerning Plaintiff and other Class members constitutes a "consumer report" within the meaning of the FCRA as described above.  15 U.S.C. § 1681a(d)(1).

85.    Spokeo's practice of collecting, assembling, evaluating, marketing, publishing, distributing, and/or selling consumer reports for third-parties who pay a fee to access said credit information deems Spokeo a "consumer reporting agency" as defined by the FCRA as described above.  15 U.S.C. § 1681a(f).

86.    Spokeo further is a "nationwide specialty consumer reporting agency" as defined by the FCRA because it "compiles and maintains files on consumers on a

nationwide basis relating to… residential or tenant history" under the "household" subject heading of its website.  15 U.S.C. § 1681a(w)(2).

87.    The FCRA defines "consumer" as "an individual."    15 U.S.C. § 1681a(c).    Plaintiff and other Class members are "consumers" as defined and construed under the FRCA. *Id*.

88.    Plaintiff and the Class are entitled to a declaration of the parties' rights and Spokeo's obligations pursuant to the FCRA, including whether Spokeo's conduct violates the FCRA as more fully set forth above.

89.    Plaintiff and the Report Subclass are also entitled to a declaration of the parties' rights under the IDTPA, including whether or not Spokeo's above-described conduct is deceptive within the meaning of the IDTPA.

90.    Plaintiff and other Class members and Spokeo have adverse legal interests, and there is a substantial controversy between Plaintiff and other Class members, and Spokeo, to warrant the issuance of a declaratory judgment as to whether Spokeo's mass marketing, publication and/or sale of consumer reports about Plaintiff and the Class violates the FCRA and the IDTPA, and the common law of unjust enrichment.

91.    As a result of Spokeo's above-described conduct, Plaintiff and the Class are entitled to corresponding injunctive relief, including, for example, an order enjoining Spokeo from continuing to force consumers to pay money in order to access their own profiles; and an order enjoining Spokeo from continuing to dishonor consumer requests to view their own profiles and related information, as set forth above, and/or requiring Spokeo to enact corresponding curative relief.

92.    Further, Plaintiff and the Class are entitled to corresponding injunctive relief, including an order enjoining Spokeo from continuing to collect, assemble, evaluate, market, publish, distribute and/or sell their personal information in violation of applicable law, as more fully set forth above; and an order establishing a constructive trust, for the benefit of Plaintiff and the Class, consisting of monies

received by Spokeo from its wrongful marketing, publication, dissemination and/or sale of their purported personal information.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that this Honorable Court enter judgment in favor of Plaintiff and against Spokeo as follows:

a.   Find that Spokeo violated, FCRA, the IDTPA, and the common law as described above;

b.   Declare the rights of the parties, and enjoin Spokeo's above-described illicit conduct, as set forth above;

c.   Award injunctive relief, including, without limitation, an order enjoining Spokeo requiring consumers to pay to view their own respective profiles, consistent with Plaintiff's allegations set forth in detail above;

d.   Award Plaintiff and other Class members statutory and/or punitive damages, and other relief to which Plaintiff and the Class are entitled, as permitted by applicable law; an alternatively award relief in the form of actual damages.

e.   Award equitable monetary relief such as restitution to Plaintiff and other members of the Class, require Spokeo to disgorge, for the benefit of Plaintiff and the Class, monies, revenues and profits Spokeo received from its marketing, publication and/or sale of their profiles and personal information as set forth above; and establish a constructive trust, until further order of the Court, consisting of monies Spokeo improperly collected or received from its above-described illicit conduct;

f.   Find that this case may be properly maintained as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

g.   Award reasonable attorney's fees and costs as allowed under the FCRA,

1    the IDTPA and applicable law; and

2    h.    Award such other further relief as the Court deems just and appropriate.

3

4                                        Respectfully submitted,

5    Dated: September 9, 2011            PARISI & HAVENS LLP

6

7                                        By:

8                                            David C. Parisi
                                             Suzanne Havens Beckman
9                                            Azita Moradmand
                                             Attorneys for JENNIFER
10                                           PURCELL, individually and on
                                             behalf of all others similarly
11                                           situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-
Second Amended Class Action Complaint

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated:  September 9, 2011

PARISI & HAVENS LLP

By:

David C. Parisi
Suzanne Havens Beckman
Azita Moradmand
Attorneys for JENNIFER
PURCELL, individually and on
behalf of all others similarly
situated

-23-