David C. Parisi
dcparisi@parisihavens.com
Suzanne Havens Beckman
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, CA  90405
Telephone: (818) 990-1299

*Attorneys for Plaintiff*

John Nadolenco
jnadolenco@mayerbrown.com
Barrett L. Schreiner
bschreiner@mayerbrown.com
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JENNIFER PURCELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>SPOKEO, INC.,<br><br>    Defendant. | Case No.: 2:11-cv-06003-ODW-AGR<br><br>**CLASS ACTION**<br><br>**JOINT STATUS REPORT**<br><br>Judge: Hon. Otis D. Wright II |

NOW COME Plaintiff Jennifer Purcell ("Plaintiff") and Defendant Spokeo, Inc. ("Defendant" or "Spokeo") (collectively herein, the "Parties"), by and through their undersigned counsel, and as for their Joint Status Report pursuant to this Court's Order of May 7, 2014, the Parties state as follows:

JOINT STATUS REPORT

## I. THE PARTIES DISPUTE THAT THE STAY SHOULD CONTINUE.

**Defendant's Position:**

Spokeo has filed a Petition for A Writ of Certiorari, which is currently pending before the United States Supreme Court, seeking review of the United States Court of Appeal for the Ninth Circuit's February 4, 2014 decision in *Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 (9th Cir. 2014), which reversed and remanded this Court's dismissal of the related case, *Robins v. Spokeo, Inc.*, C.D. Cal. Case No. CV-10-s5306-ODW (AGRx), based on lack of Article III standing. Spokeo has filed motion to stay *Robins* pending resolution of its petition for certiorari. That motion is set for hearing on June 9, 2014.

This proceeding was stayed pending the Ninth Circuit's decision in *Robins v. Spokeo, Inc.*, Case No. 11-56843. (Dkt. #77.) Spokeo's position is that since this Court stayed this action pending resolution of the *Robins* appeal, this case should remain stayed for the same reasons that *Robins* should be stayed.

**Plaintiff's Position:**

Plaintiff believes that a continuation of the stay is unnecessary as the issue upon which Spokeo has filed a Petition for A Writ of Certiorari is not determinative on the instant matter. The Ninth Circuit's February 4, 2014 decision in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), and Spokeo's corresponding Writ of Certiorari, concerned the question of whether standing under the Fair Credit Reporting Act ("FCRA") could be predicated on an injury in fact without a showing of actual harm. In particular, the *Robins* plaintiff contended that the publishing of inaccurate information about him, which contravened the FCRA, provided standing without a showing of an actual economic injury. While, the Ninth Circuit's decision in *Robins* undeniably simplifies the standing question in the current proceeding, it is nevertheless not essential because Plaintiff has pleaded an important additional fact – the suffering of an actual injury. As alleged in the case at hand, Plaintiff requested a free copy of her consumer report from Spokeo, as provided for under the FCRA, and was not provided one. As a result, Plaintiff and similarly situated class members are not able to receive at no charge, or have to

purchase, a copy of their report to review it for inaccuracies. Therefore, the present matter has standing to proceed regardless of the outcome in the *Robins* proceeding and as such should not continue to be stayed.

## II.  THE MOTION TO DISMISS.

On October 7, 2011, Defendant filed a Motion to Dismiss (Dkt. #66). Prior to briefing on the aforementioned Motion to Dismiss taking place, this proceeding was stayed pending the Ninth Circuit's decision in *Robins v. Spokeo, Inc.*, Case No. 11-56843, *see* (Dkt. #77), which would have a significant impact on the instant case. The Ninth Circuit has subsequently issued a decision in the *Robins* case. The Parties agree that, given the amount of time that has passed since the Motion to Dismiss was filed and the Ninth Circuit's decision in *Robins*, to proceed with the currently filed Motion to Dismiss would be unproductive and waste this Court's and the Parties' resources. Therefore, the Parties agree that the current incarnation of the Motion to Dismiss should be withdrawn.

**Defendant's Position:**

If the stay in this case is lifted, Spokeo requests 30 days from the date the stay is lifted to withdraw its currently pending motion to dismiss (Dkt. 66), and to file a new motion to dismiss.

**Plaintiff's Position:**

Plaintiff concurs that the current motion to dismiss should be withdrawn as arguments presented in the current motion to dismiss are no longer valid. However, Plaintiff believes that Defendant should not be allowed to use the situation to present brand new arguments not present in the current motion, and any new motion to dismiss should be only for the elimination of issues which are no longer valid.

## III.  ADDITIONAL ISSUES REGARDING HOW THE MATTER SHOULD PROCEED.

Procedurally, the instant matter is still in its infancy. Prior to being stayed for over two years, the case was transferred to this Court from the United States District Court for the Northern District of California, where the Parties had contested the appropriate venue for this

-3-

proceeding. At this time, the Parties are uncertain whether there will be amended pleadings after a motion to dismiss. Additionally, no substantive discovery has taken place yet. While ultimately Plaintiff anticipates the filing of a Motion for Class Certification, until there is a ruling on a motion to dismiss and determination on other issues raised herein, the Parties are unable to speculate on how this proceeding will move forward beyond the filing of a new motion to dismiss discussed above.

### IV.   EFFECT OF *ROBINS* ON CURRENT PROCEEDING.

**Defendant's Position:**

Spokeo's position is that the related *Robins* case, which is also before this Court, is nearly factually and legally identical to this case and that the cases should be consolidated to prevent Spokeo from suffering the burden of defending the same case twice. Spokeo has requested Plaintiff's counsel in both this case and the *Robins* case to agree to consolidation of the matters, but neither Plaintiff has agreed. If Plaintiffs do not agree to consolidation, Spokeo intends to file a motion to consolidate the matters soon.

**Plaintiff's Position:**

While Plaintiff acknowledges that there is factual and legal overlap between the current matter and *Robins*, Plaintiff does not believe that consolidation of the two matters is appropriate at this time. As discussed above, Plaintiff pleads additional facts which make her case distinguishable from *Robins*, and which make the outcome of the instant matter not directly tied to the outcome in *Robins*. Therefore consolidation at this point would only serve to allow the Defendant to unnecessarily stall this proceeding while waiting for the outcome of *Robins*. While consolidation could eventually be appropriate, to do so at this point would only serve to further deny Plaintiff the ability to proceed with this litigation.

(See Next Page)

DATE: June 2, 2014

| /s/ Suzanne Havens Beckman | /s/ Barrett L. Schreiner |
|---|---|
| Suzanne Havens Beckman | Barrett L. Schreiner |
| shavens@parisihavens.com | bschreiner@mayerbrown.com |
| PARISI & HAVENS LLP | MAYER BROWN LLP |
| 212 Marine Street, Suite 100 | 350 South Grand Avenue, 25th Floor |
| Santa Monica, CA  90405 | Los Angeles, CA 90071-1503 |
| Telephone: (818) 990-1299 | Telephone: (213) 229-9500 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above referenced JOINT STATUS REPORT was filed electronically on June 2, 2014. Notice of this filing will be served upon all counsel for parties of record by operation of the Court's electronic filing system.

/s/ Barrett L. Schreiner
Barrett L. Schreiner