O

# United States District Court
# Central District of California

JENNIFER PURCELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SPOKEO, INC.,

Defendant.

Case No. 2:11-cv-06003-ODW(AGRx)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [87]**

## I.   INTRODUCTION

The Court recently lifted a lengthy stay of this class action after a successful appeal in the now-consolidated case *Robins v. Spokeo, Inc.*, No. 10-cv-5306-ODW(AGRx) ("*Robins* Action").   Here, Plaintiff Jennifer Purcell alleges that Defendant Spokeo, Inc. violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by publishing inaccurate personal information about Purcell and the purported class.  Spokeo runs a website that collects and aggregates information about individuals and then offers the information for sale.  The Ninth Circuit ruled on the *Robins* appeal earlier this year, and Spokeo moved to dismiss Purcell's Second Amended Complaint ("SAC") after this Court lifted the stay.   For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Spokeo's Motion to Dismiss.[1]  (ECF No. 87.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Purcell is an Illinois resident.  (SAC ¶ 4.)  Spokeo—a corporation based in Southern California—is an Internet service provider that operates a search engine at http://www.spokeo.com.  (*Id.* ¶ 2.)  Spokeo collects personal information about individuals in the United States and then sells and distributes that information to employers, law-enforcement officials, and "virtually anyone else."  (*Id.* ¶¶ 2, 9.)  The information collected includes addresses, phone numbers, gender, relationship status, street-view images of property, income level, estimated home value, religious and political affiliations, and educational background.  (*Id.* ¶¶ 12, 17.)

But Purcell alleges that Spokeo takes minimal steps to ensure that the information it collects and disseminates is accurate.  (*Id.* ¶¶ 11–17.)  According to Purcell, the information is often inaccurate.  (*Id.*)  For example, Spokeo's profile of her lists an incorrect address and phone number and includes inaccurate information about her age, wealth, marital status, religious and political affiliations, and educational background.  (*Id.* ¶ 17.)  Purcell further alleges that Spokeo makes it difficult for individuals to request that inaccurate profiles be removed by requiring email addresses and other corroborating information.  (*Id.* ¶ 27.)  Purcell also alleges that instead of removing a profile after a request has been made, Spokeo simply publishes the new information that was supplied.  (*Id.*)

Purcell initiated this action in the Northern District of California on September 3, 2010.  (ECF No. 1.)  The case was transferred to this Court in July 2011.  (ECF Nos. 46, 48.)  One of the reasons for the transfer was the case's similarity to the *Robins* Action that was already before this Court.  Both cases are class actions against Spokeo for alleged violations of the FCRA.  But in addition to the FCRA claim, Purcell's SAC also includes claims for unjust enrichment; violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 Ill. Comp. Stat. 510/1–7; and declaratory judgment and injunctive relief.  (ECF No. 64.)

/ / /

On September 9, 2011, the Court dismissed the *Robins* Action, finding that the plaintiff lacked Article III standing to bring his FCRA claim.  (*Robins* Action, ECF No. 66.)  That decision was appealed to the Ninth Circuit and overturned.  The Ninth Circuit held that merely alleging a violation of a federal statute that provides for statutory damages—like the FCRA—is sufficient to confer Article III standing.[2] *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413–14 (9th Cir. Feb. 4, 2014).

A motion to dismiss, raising the same issue of Article III standing, was pending in this action at the time that the *Robins* Action went up on appeal.  (ECF No. 66.) The Court stayed the case pending the *Robins* appeal.  After the Ninth Circuit decision earlier this year, the case was reopened and consolidated with the *Robins* Action for discovery and all pretrial purposes.  (ECF Nos. 84, 90.)  In addition, Spokeo filed the present Motion to Dismiss, which is now before the Court for decision.  (ECF No. 87.)

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the

---

[2] Spokeo has petitioned the Supreme Court for a writ of certiorari on the issue of Article III standing under the FCRA.

pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed.  Fed. R. Civ. P. 15(a).  But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Spokeo moves to dismiss Purcell's claims for violation of the IUDTPA, unjust enrichment, and equitable relief on several distinct grounds.  In addition, Spokeo disputes Article III standing under the FCRA.  The Court addresses Spokeo's arguments with respect to each of Purcell's claims below.

### A.   Article III Standing Under the FCRA

The Court turns first to Article III standing under the FCRA.  As in the *Robins* Action, where the factual allegations are nearly identical, Spokeo contends that Purcell fails to meet the requirements for Article III standing.  (Mot. 1:10–2:2, 14:8–16:11.)  But Spokeo acknowledges that this Court is bound by the Ninth Circuit's decision in the *Robins* Action, and thus raises the argument largely to preserve the issue for appeal.  Based on Ninth Circuit precedent, the Court **DENIES** Spokeo's Motion to Dismiss with respect to Article III standing under the FCRA.[3]  *See Robins*,

---

[3] Spokeo also contends that it is not a consumer-reporting agency and thus not subject to the FCRA. Moreover, even if it were a consumer-reporting agency, Spokeo argues that it is immune from suit under the Communications Decency Act.  But, in light of this Court's rulings in the *Robins* Action, Spokeo expressly states that it is not moving to dismiss on these grounds and instead preserves these arguments for an appropriately timed summary-judgment motion.  (Mot. 2:3–7.)

742 F.3d at 413–14 (holding that merely alleging a violation of a federal statute that provides for statutory damages is sufficient for Article III standing).

**B.      Illinois Uniform Deceptive Trade Practices Act**

Spokeo moves to dismiss Purcell's IUDTPA claim on multiple grounds.  First, Spokeo argues that Purcell's claim is not subject to the IUDTPA, which primarily focuses on trademark-infringement-like conduct between competitors.  Next, Spokeo argues that the IUDTPA claim fails because Purcell's allegations are insufficient to allege likelihood of confusion and future harm as required under the law.  Furthermore, Spokeo argues that it is exempted from liability under a publisher exemption in the IUDTPA.

The IUDTPA contains a list of deceptive trade practices—eleven specific activities and a final catch-all provision.  815 Ill. Comp. Stat. 510/2(a).  Purcell's claim is premised on one of the specifically prohibited activities as well as the catch-all provision, which read as follows:

> A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: . . .
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; . . .
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

815 Ill. Comp. Stat. 510/2(a).

According to Spokeo, Purcell's allegations do not fall within the scope of the IUDTPA, which is generally limited to trademark-infringement-like claims.  Spokeo points to the language similar to trademark-infringement claims such as "likelihood of confusion."  Spokeo also provides ample case law where IUDTPA claims are brought in conjunction with intellectual-property claims.  (Mot. 6:25–9:27.)  But Purcell argues that Spokeo impermissibly seeks to narrow the scope of the IUDTPA and that consumer claims like Purcell's are permitted under the statute.  (Opp'n 5:11–8:4.)

"The purpose of the [IUDTPA] is to stem unfair competition and the deceptive trade practices singled out can be classed roughly into either misleading trade identification or false and deceptive advertising." *Barliant v. Follet Corp.*, 483 N.E.2d 1312, 1317 (Ill. App. Ct. 1985); *see also Juno Online Servs. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 692 (N.D. Ill. 1997) ("It is clear from the language of the statute and the accompanying comments . . . that the aim of this law is to prevent misrepresentation via trademark or advertising."). Moreover, the IUDTPA is "not intended to be a consumer protection statute." *Disc Jockey Referral Network, Ltd. v. Ameritech Pub. of Ill.*, 596 N.E.2d 4, 9 (Ill. App. Ct. 1992). Nevertheless, despite its primary focus on acts between competitors, "injunctive relief is obtainable by an individual consumer where that consumer can allege facts that he would likely be damaged by the defendant's conduct in the future." *Smith v. Prime Cable of Chi.*, 658 N.E.2d 1325, 1337 (Ill. App. Ct. 1995); *see also Robinson v. Toyota Motor Credit Corp.*, 735 N.E.2d 724, 735 (Ill. App. Ct. 2000), *rev'd in part on other grounds by Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951 (Ill. 2002).

While Spokeo's arguments regarding the IUDTPA's relationship to trademark infringement and competitor claims are persuasive, there is a clear line of authority that suggests a narrow application of the IUDTPA in consumer actions such as Purcell's. The IUDTPA's only remedy is injunctive relief. *See Smith*, 658 N.E.2d at 1317; 815 Ill. Comp. Stat. 510/3. Accordingly, Purcell must be able to allege a likelihood of harm in the future due to Spokeo's conduct.

Most consumer actions under the IUDTPA fail at this point. *See Robinson*, 735 N.E.2d at 735 (finding that since plaintiffs' car leases had expired, any harm suffered with respect to the leases had already occurred and that plaintiffs can avoid the leases in the future since they are now armed with knowledge of the problems); *Smith*, 658 N.E.2d at 1337 (dismissing IUDTPA claim because plaintiffs could not show likelihood of future harm in case where plaintiffs alleged that they were overcharged for the cost of a live concert they attended due to its less-than-promised length). But

1    Purcell's action differs from *Robinson* and *Smith* because she alleges that Spokeo is
2    still posting inaccurate information, and requests to remove profiles with inaccurate
3    information have been unsuccessful in some instances.  (SAC ¶¶ 23, 27, 75–80.)
4    Purcell also argues that consumers like her must continue to purchase their own
5    profiles to confirm their accuracy because they otherwise have no access to them.  (*Id.*
6    ¶¶ 30–32.)  Unlike the car leases in *Robinson* and the concert tickets in *Smith*, based
7    on Purcell's allegations, she has no control over her profile on Spokeo's website.

8         While Spokeo contends that Purcell's allegations of future harm are insufficient
9    and merely speculative (Mot. 10:10–20), the argument relies on a selective reading of
10   the SAC.  It is true that Purcell alleges that individuals may request removal of
11   inaccurate profiles, but Purcell also alleges that Spokeo fails to fix inaccuracies.
12   (SAC ¶¶ 23, 27.)  In addition, rather than remove a profile, Purcell alleges that Spokeo
13   will update the profile with information supplied by the individual requesting
14   removal.  (*Id.*)  The Court is also unpersuaded by Spokeo's contention that Purcell has
15   failed to show an inadequate remedy at law to permit injunctive relief.  (*See*
16   Mot. 10:21–11:2.)  Purcell has alleged harm to her career, personal life, and financial
17   standing.  (SAC ¶¶ 17–20, 34, 80.)  Reputational harm such as that alleged by Purcell
18   is the proper subject of injunctive relief under the IUDTPA.  *See DeVry Inc. v. Int'l*
19   *Univ. of Nursing*, 638 F. Supp. 2d 902, 910–11 (N.D. Ill. 2009).  The Court finds that
20   Purcell has adequately alleged a likelihood of future harm under the IUDTPA to at
21   least survive this Motion to Dismiss.

22        Spokeo argues that the IUDTPA claim should also be dismissed because Purcell
23   cannot demonstrate likelihood of confusion, which is an element of her IUDTPA
24   claim.  (Mot. 8:10–9:12); 815 Ill. Comp. Stat. 510/2(a)(2), (12).  Spokeo contends that
25   likelihood of confusion under the IUDTPA is identical to that of trademark
26   infringement, and since Purcell's claims are unrelated to trademark infringement, this
27   element cannot be met.  (*See* Mot. 9:8–12.)  But the Court has already addressed this
28   issue, pointing out that consumer actions are permitted under the IUDTPA.  Thus,

1   Spokeo's reliance on case law defining the IUDTPA'S likelihood-of-confusion
2   standard in cases involving unfair competition and trademark infringement is
3   misplaced.   *See, e.g.*, *Hooker v. Columbia Pictures Indus., Inc.*, 551 F. Supp. 1060,
4   1064 (N.D. Ill. 1982) (stating that likelihood of confusion has the same meaning in
5   unfair competition cases as it does under the UDTPA).

6       Spokeo also seeks judicial notice of portions of its website, particularly its
7   "Terms of Use."  (ECF No. 88, Ex. B.)  According to Spokeo, the Terms of Use
8   ensure that users of the website know that there are no guarantees about the accuracy
9   of the information Spokeo compiles.  (Mot. 8:20–27.)  This, Spokeo contends,
10  eliminates any likelihood of confusion alleged by Purcell.  (*Id.*)  However, while the
11  Court may be able to take judicial notice of portions of Spokeo's website because they
12  exist in the public domain, these portions of the website and their content only serve
13  to create a dispute of fact that is clearly inappropriate for resolution on a motion to
14  dismiss.  *See Lee*, 250 F.3d at 688.  The Court finds that Purcell's allegations are
15  sufficient to establish likelihood of confusion at the pleadings stage.

16      Finally, with respect to the IUDTPA, Spokeo argues that it is exempt from
17  liability as a publisher of information on the Internet. (Mot. 11:3–14.)  The IUDTPA
18  does have an exemption for "publishers, broadcasters, printers or other persons
19  engaged in the dissemination of information or reproduction of printed or pictorial
20  matter *without knowledge of its deceptive character* . . . ."  815 Ill. Comp. Stat.
21  510/4(2) (emphasis added).  There is no real dispute that Spokeo is a publisher of
22  information. (SAC ¶¶ 9–10.)   But to fall within the exemption, Spokeo must also
23  publish information "without knowledge of its deceptive character."  815 Ill. Comp.
24  Stat. 510/4(2).  Despite Spokeo's arguments to the contrary in the Motion, Purcell
25  alleges that Spokeo knows that there are inaccuracies in the information it publishes.
26  (*See* SAC ¶ 78 ("Spokeo knows that information it collects, markets, publishes and/or
27  sells is inaccurate . . . .").)  Accordingly, based on the SAC, the Court finds that the
28  publisher exemption does not bar Spokeo from liability under the IUDTPA.

1  For the reasons discussed above, the Court **DENIES** Spokeo's Motion to
2  Dismiss with respect to Purcell's IUDTPA claim.

3  **C.    Unjust Enrichment**

4  Spokeo next moves to dismiss Purcell's unjust-enrichment claim.   Unjust
5  enrichment requires a plaintiff to prove "receipt of a benefit and unjust retention of the
6  benefit at the expense of another."   *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723,
7  726 (2000); *see also Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008).[4]
8  Spokeo argues that Purcell has failed to allege a benefit that she has conferred on
9  Spokeo and has failed to demonstrate that retention of any benefit is unjust.
10  (Mot. 12:4–28.)

11  In her Opposition, Purcell argues that the benefit conferred on Spokeo is
12  actually a savings of the expenses associated with compliance with the FCRA.
13  (Opp'n 14:5–15.)   According to Purcell, Spokeo has been saved the expense of
14  providing her with a copy of her profile, the sources used to create her profile, and the
15  names of customers who purchased the profile as well as other information.   (*Id.*)  But
16  while "[a] benefit is conferred not only when one adds to the property of another, but
17  also when one saves the other from expense or loss," *Ghirardo v. Antonioli*, 14 Cal.
18  4th 39, 51 (1996) (internal citations omitted), the Court is unpersuaded that Purcell's
19  allegations are sufficient to sustain her unjust-enrichment claim.

20  California courts have stated that "[t]here is no freestanding cause of action for
21  'restitution' in California."   *Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011);
22  *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("There is
23  no cause of action in California for unjust enrichment.   Unjust enrichment is
24  synonymous with restitution.").   But the inquiry goes beyond that broad statement
25

26  ---
    [4] In the Motion, Spokeo indicates that it is not clear whether Purcell's unjust-enrichment claim is
27  brought under Illinois or California law.  (Mot. 11 n.3.)  But the elements for unjust enrichment are
    essentially the same.  *See Gagnon v. Shickel*, 983 N.E.2d 1044, 1052 (Ill. App. Ct. 2012).  Given the
28  similarities between the two states' laws, choice-of-law principles dictate the application of
    California law.  *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2011).

because courts in California do recognize unjust-enrichment claims when a plaintiff has properly pleaded a theory of quasi-contract—that the defendant has been unjustly enriched at the expense of the plaintiff.  *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 4345435, at *3–4 (N.D. Cal. Sept. 15, 2011) (allowing unjust enrichment claim to proceed where the plaintiff invoked a valid theory of recovery).  Essentially, the inquiry is whether the plaintiff merely alleges restitution as a remedy or a separate theory of liability.

Here, the Court finds that Purcell's unjust-enrichment allegations are inextricably intertwined with her FCRA claim and do not give rise to a separate theory of quasi-contract.  The alleged benefit that Purcell conferred upon Spokeo does not exist without the FCRA.  Purcell and Spokeo have no affiliation or connection to invoke a quasi-contract theory of liability.  Moreover, the Court notes the danger of opening the floodgates.  As Spokeo points out in its Motion, if a claim for unjust enrichment lies wherever inaccurate information is posted on the Internet, courts would be inundated with such cases.  (Mot. 12:25–26.)

For these reasons, the Court **GRANTS** Spokeo's Motion to Dismiss with respect to Purcell's unjust-enrichment claim **WITHOUT LEAVE TO AMEND**.[5]

**D.    Declaratory and Injunctive Relief**

Finally, Spokeo argues that Purcell's separate claim for declaratory and injunctive relief should be dismissed as redundant and because equitable relief is not available under the FCRA. (Mot. 13:2–14:6.)

To extent this claim is premised on Spokeo's alleged violation of the FCRA, equitable relief is not available.  *See, e.g.*, *Gauci v. Citi Mortg.*, No. 11-cv-01387-ODW(JEMx), 2011 WL 3652589, at *3 (C.D. Cal. Aug. 9, 2011) (dismissing claim for equitable relief because private parties may not obtain such relief under the

---

[5] Purcell also argues that her unjust-enrichment claim is tied to California's recognition of a right to publicity.  (Opp'n 14:16–15:4.)  Spokeo has benefitted at Purcell's expense by failing to compensate her for use of her name and likeness.  (*Id.*)  But the Court pays short shrift to this argument because such allegations are entirely absent from the SAC and inconsistent with the thrust of her claims.

FCRA);   *Yasin v. Equifax Info. Servs., LLC*, No. C-08-1234 MMC, 2008 WL 2782704, at *2–4 (N.D. Cal. July 16, 2008) (same).

Moreover, as stated above, the only remedy available under the IUDTPA is injunctive relief.  The Court finds that Purcell's separate claim for declaratory and injunctive relief is merely duplicative of the remedy available under Purcell's IUDTPA claim, and thus unnecessary.  *See United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from uncertainty and controversy faced by the parties.").  Declaratory relief is an available remedy, but it need not be brought as a separate claim.  *See* 28 U.S.C. § 2201 (creation of remedy).

The Court therefore **GRANTS** Spokeo's Motion to Dismiss with respect to the separate claim for declaratory and injunctive relief.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss.  (ECF No. 87.)  Spokeo shall answer the Complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

August 25, 2014

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**